# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNIE CLAY,<br><br>                              Plaintiff,<br><br>v.<br><br>NANCY BERRYHILL, Acting Commissioner of Social Security,<br><br>                             Defendant. | Case No.: 19-CV-0644 W (JLB)<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS [DOC. 2]** |

      Plaintiff Connie Clay filed this action on April 5, 2019 seeking review of the denial of her application for Supplemental Security Income benefits. (*Compl.* [Doc. 1].) On the same day, Clay filed an application to proceed in forma pauperis. (*IFP App.* [Doc. 2].)

      The Court decides the matter on the papers submitted. For the reasons outlined below, the Court **GRANTS** the IFP application. [Doc. 2.]

*//*

*//*

1

## I. LEGAL STANDARD

The determination of indigency falls within the district court's discretion. California Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), *reversed on other grounds*, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency.").

It is well-settled that a party need not be completely destitute to proceed in forma pauperis. See Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." Id. at 339 (internal quotations omitted). At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984). "[T]he greater power to waive all fees includes the lesser power to set partial fees." Olivares v. Marshall, 59 F.3d 109, 111 (9th Cir. 1995).

The facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981). District courts tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. See, e.g., Allen v. Kelly, 1995 WL 396860 at *2 (N.D. Cal. 1995) (initially permitting Plaintiff to proceed in forma pauperis but later requiring him to pay $120 filing fee out of $900 settlement proceeds); Ali v. Cuyler, 547 F. Supp. 129, 130 (E.D. Pa. 1982) ("[P]laintiff possessed savings of $450 and the magistrate correctly determined that this amount was more than sufficient to allow the plaintiff to pay the filing fee in this action . . . ."). Permission to proceed IFP is

"a matter of privilege and not right[,]" <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1231 (9th Cir. 1984), and " 'in forma pauperis status may be acquired and lost during the course of litigation.' " <u>Baize v. Lloyd</u>, 2014 WL 6090324, at *1 (S.D. Cal. Nov. 13, 2014) (quoting <u>Wilson v. Dir. of Div. of Adult Insts.</u>, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009)).

## II. DISCUSSION

Clay has satisfied her burden of demonstrating that she is entitled to IFP status. According to her declaration, she is homeless. (*IFP App.* [Doc. 2] 2.) She receives $340/month in General Relief and $198/month in food stamps, for a total monthly income of $538 in government assistance. (*Id.*) She has one bank account with a $25 balance. (*Id.*) She has not received any other income in the past twelve months and has no cash or other real estate or investments. (*Id.*) She does not own a vehicle. (*Id.*)

The filing fee for an ordinary civil action is $400. Based on the foregoing, Clay demonstrates that she lacks the means to pay the filing fee without sacrificing the necessities of life. <u>See</u> <u>Adkins</u>, 335 U.S. at 339–40. Accordingly, Clay demonstrates entitlement to IFP status. <u>See</u> 28 U.S.C. § 1915.

//
//
//
//
//
//
//
//
//

### III. CONCLUSION & ORDER

For the reasons addressed above, the Court **GRANTS** Plaintiff's application to proceed IFP. [Doc. 2.] In light of the Court's ruling on the amended IFP application, the Court orders as follows:

1. The United States Marshal shall serve a copy of the Complaint filed on April 5, 2019 and an accompanying summons upon Defendant as directed by Plaintiff on U.S. Marshal Form 285. All costs of service shall be advanced by the United States.
2. Defendant shall respond to the Complaint within the time provided by the applicable provisions of the Federal Rules of Civil Procedure.

Additionally, the Court hereby **REFERS** all matters arising in this case to United States Magistrate Judge Jill L. Burkhardt for a Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c)(1)(c).

If the parties seek to file motions, they shall contact the chambers of Judge Burkhardt to secure scheduling, filing, and hearing dates. All motion(s) for summary judgment must be filed and served no later than **120 days** after the Government files its answer.

**IT IS SO ORDERED.**

Dated: April 16, 2019

Hon. Thomas J. Whelan
United States District Judge